## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:21CV-P122-JHM

**REBECCA JEAN HINDMAN**                                                                              **PLAINTIFF**

v.

**JAMES HICKS** *et al.*                                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Rebecca Jean Hindman filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims and give her an opportunity to amend her complaint.

### I. SUMMARY OF ALLEGATIONS

Plaintiff states that she is a convicted inmate at the Daviess County Detention Center (DCDC). She sues DCDC Sgt. James Hicks and Sgt. Jared Winters in their official capacities only.

Plaintiff alleges that she has been "searched, scanned, stripped search, and my belongings gone thru several times and pulled and interrogated after a fight broke out" in her pod on November 1, 2021. She reports that she "wrote out a statement complying with the guards about the incident." She states that since then she has been "the target of the incident." Plaintiff asserts that Defendant Hicks had her "pulled on November 5, 2021 on 2 separate occasions." She states, "I feel it was harassment. Threatening me with charges when I have been completely cooperative."

Plaintiff further states, "Now they have me in quarantine stuck after I have already been thru quarantine . . . constantly exposing me to potentially getting Covid. And Im not getting

stuck on AS. Because they won't open up another female POD. Leaving me with no where to be housed." She also maintains that she has a "family history of heart disease and heart issues leading to death. Covid could potentially kill me if I contract it." She reports that she was hospitalized in April 2021 with heart and respiratory problems and that she has not received a COVID-19 vaccination yet. She states that Defendant Winters placed her back in quarantine cell on November 1, 2021.

As relief, Plaintiff seeks "to be placed back on parole or M.R.S."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. *Official-capacity claims*

The claims against Defendants in their official capacities must be construed as brought against the governmental entity which employs them. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the claims against Defendants in their official capacities are actually brought against Daviess County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [her] particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or

custom "must be 'the moving force of the constitutional violation' in order to establish the ``liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any violation of her constitutional rights occurred as a result of a policy or custom implemented or endorsed by Daviess County. She alleges occurrences affecting only her. Accordingly, Plaintiff's official-capacity claims against Defendants will be dismissed for failure to state a claim upon which relief may be granted.

## B. Opportunity to amend

Because Plaintiff sues Defendants in their official capacities only, the complaint is subject to dismissal. However, the Court finds that some of Plaintiff's claims may survive initial review if she sued Defendants in their individual capacities. The Court will give Plaintiff an opportunity to sue Defendants in their individual capacities and to state specific factual allegations against each Defendant. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend [her] complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

In addition, the only relief Plaintiff seeks is "to be placed back on parole or M.R.S."[1] However, release from custody is not an available remedy under § 1983, and this claim for relief must be dismissed for failure to state a claim. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); W*ilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The Court will give Plaintiff an opportunity to amend her complaint with regard to the relief sought, as well.

---

[1] The Court construes "M.R.S." to be Mandatory Reentry Supervision.

4

## IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's official-capacity claims against Defendants Hicks and Winters and her request for release from custody are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint** to sue Defendants in their individual capacities, state specific allegations against each Defendant, and to amend the relief sought.

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. Should Plaintiff fail to file an amended complaint within the allotted amount of time, **Plaintiff is WARNED that this action will be dismissed for failure to state a claim upon which relief may be granted**.

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption, along with three summons forms.

Date: January 12, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.010

5